IN THE UNITED STATES DISRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BRENDA MICHELLE STRANGE**, <br><br> Plaintiff, <br><br> v. <br><br> **ENDEAVOR BUSINESS MEDIA, LLC**, a Delaware limited liability company, <br><br> Defendant. | Civil Action No. : <br><br> Judge: <br><br> Magistrate Judge: <br><br> JURY DEMAND |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Brenda Michelle Strange ("Michelle Strange" or "Strange") by and through her attorneys, for her Complaint against Defendant Endeavor Business Media, LLC, alleges, on knowledge as to her own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for accounting, violation of Plaintiff's statutory and common law privacy rights, and unfair business practices arising from Defendant's past and ongoing use of Plaintiff's creative works, name, voice and likeness.

2. Plaintiff seeks all damages arising from Defendant's misconduct including injunctive and monetary relief and reimbursement of Plaintiff's attorneys' fees and costs for having to bring this suit to enforce her rights.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332.

1

4. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. The Court has personal jurisdiction over Defendant because Defendant's principal office is located here, and Defendant regularly conducts business in Tennessee.

## THE PARTIES

6. Plaintiff Strange is an individual and resident of Evergreen, Colorado.

7. Defendant Endeavor Business Media, LLC ("Endeavor") is a limited liability company organized under the laws of the state of Delaware, with a principal place of business at 30 Burton Hills Blvd. suite 185, Nashville, TN 37215-6401.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. Between 2015 and 2022, Strange created original works of authorship in the form of recorded podcasts, individually and in collaboration with various guest speakers ("Podcasts") under the moniker, "A Tale of Two Hygienists."

9. Over time, Strange has developed a strong professional reputation in her industry, such that her identity and endorsements are commercially valuable.

10. Strange appeared as host of all Podcast episodes, came up with discussion topics, and communicated with guests. Strange handled all social media posts and planning of the Podcasts. Strange also managed the website on which the Podcasts were distributed and made decisions related to the look, feel and branding of the Podcasts. Strange created the schedule for most Podcast interviews. Strange is therefore co-author and co-owns the copyrights in the Podcasts.

11. In or around April 2018, Strange and Andrew Johnston formed a limited liability company under the laws of the state of South Carolina, A Tale of Two Hygienists LLC ("ATOTH LLC").

12. Andrew Johnston performed editing tasks and appeared as a participant in some of the Podcasts. Johnston was primarily involved in business tasks while Strange handled creative decisions.

13. After its formation, ATOTH LLC began distributing the Podcasts, but no written license was ever executed between Ms. Strange and ATOTH LLC.

14. At no time did Strange ever transfer any ownership interest in the Podcasts to ATOTH LLC.

15. Neither Strange nor Johnson were employees of ATOTH LLC.

16. In 2022, Strange decided that she wanted to terminate her professional relationship with Johnston.

17. On or about April 1, 2022, Strange filed a Member Statement of Dissociation from a Limited Liability Company with the South Carolina Secretary of State.

18. In May of 2022, Johnston provided Strange with a letter agreement expressly abandoning her membership interest in ATOTH LLC. Strange executed this agreement at Johnston's request.

19. Upon information and belief, at the time Johnston requested that Strange execute the letter agreement, he had already engaged in discussions regarding sale of ATOTH LLC to Endeavor.

20. After Strange severed ties with ATOTH LLC, ATOTH LLC continued to reproduce and display the Podcasts on the ATOTH LLC website, YouTube, and various other streaming platforms.

21. After Strange severed ties with ATOTH LLC, Johnston and ATOTH LLC also continued to use Strange's name, voice and likeness within the Podcasts themselves and in promotional materials, including on ATOTH LLC's website, social media, and in marketing materials distributed by ATOTH LLC.

22. Strange did not grant ATOTH LLC any license to make use of her name, voice or likeness, after her departure.

23. Upon information and belief, Johnston sold ATOTH LLC to Endeavor in October 2022, and, upon information and belief, Endeavor assumed all rights and liabilities of the LLC.

24. Upon information and belief, in or around October 2022, Endeavor acquired co-ownership of the copyrights in the Podcasts.

25. Since October 2022, Endeavor has continued to make the Podcasts available on the A Tale of Two Hygienists website, through numerous podcast applications and on YouTube, but has not paid Strange her share of revenues obtained in connection with these uses.

26. Since October 2022 Endeavor has continued to use Strange's name, voice and likeness in marketing emails promoting the Podcasts and in seeking to drive traffic to its website, generating marketing revenue for Defendant.

27. Endeavor's use of Plaintiff's name, likeness and voice has continued even after Plaintiff notified Defendant in writing through her counsel that these marketing uses were not authorized and demanded that it cease.

28. Endeavor used Strange's name, voice and likeness as an item of commerce to advertise its products and services, and to market products and services for third parties.

29. Strange has never authorized Endeavor to make use of her name, voice or likeness in marketing materials.

30. Endeavor's use of Strange's name, voice and likeness constitutes a knowingly false representation that Strange endorses or is otherwise affiliated with Defendant's business.

31. Neither ATOTH LLC nor Endeavor have paid Ms. Strange her share of profits associated with their distribution of the Podcasts, as required by joint authors.

## FIRST CAUSE OF ACTION
### Accounting

32. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

33. Plaintiff is an author and joint owner of copyrights in the Podcasts.

34. Johnston contends that he contributed to the creation of the Podcasts, which would make him the original co-author and joint owner, with Plaintiff, of copyrights in the Podcasts.

35. Upon information and belief, Johnston sold his interest in the Podcasts to Endeavor in October 2022.

36. Strange has asked both Johnston and Endeavor for records reflecting their use and licensing of the Podcasts and the profits obtained in connection therewith, consistent with the requirement that each joint author in a copyright account to other joint authors for any profits received, but they have refused these requests. Strange therefore does not have any way of ascertaining the amount she is owed as co-owner of exclusive copyrights in these works other than through court action.

37. As co-owner of the copyrights in the Podcasts, Strange is entitled to an accounting of all direct and indirect profits obtained in connection with use or licensing of the Podcasts, and payment of her share of such profits.

## SECOND CAUSE OF ACTION
### Common law invasion of privacy and/or publicity by misappropriation of image, voice, likeness, and persona.

38. Strange hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

39. Defendant has used, and continues to make commercial use of Strange's name, voice and likeness in marketing its business, without her consent.

40. Defendant's ongoing use of Strange's name, voice and likeness has been for purposes of advertising Defendant's products and services, and to generate revenue for Defendant.

41. Strange has suffered damages as a direct and proximate result of Defendant's use.

### THIRD CAUSE OF ACTION
### Violation of Tennessee Personal Rights Protection Act
### Tenn. Code Ann. § 47-25-1101 et seq.

42. Strange hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

43. Defendant's use of Strange's name and likeness as an item of commerce for the purpose of advertising products, merchandise, goods, or services without her consent constitutes a violation of the Tennessee Personal Rights Protection Act.

44. Strange has suffered damages as a direct and proximate result of Defendant's use.

### FOURTH CAUSE OF ACTION
### Violation of Tennessee Consumer Protection Act
### Tenn. Code 47-18-101 et seq.

45. Strange hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

46. Defendant's continued use of Strange's name and likeness constitutes an unfair and deceptive trade practice.

47. Defendant's use of Strange's name and likeness was and continues to be made in connection with Defendant's business activities, namely, promoting itself and third parties through its websites and podcasts, and in marketing efforts, including email marketing campaigns intended to draw traffic to Defendant's websites.

48. Upon information and belief, Defendant's actions are causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, Strange.

Defendant's conduct falsely implies that Strange endorses or is otherwise associated with Defendant.

49. Defendant's use of Strange's name and likeness is ongoing, despite multiple requests that it discontinue such use. Defendant's conduct is therefore willful and done in bad faith.

50. Strange has been injured in her business and occupation, in that consumers believe that she has some business relationship with Defendant that does not exist and has suffered actual damages as a result of Defendant's actions.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. For an accounting for all profits obtained in connection with the use or licensing of the Podcasts, and an award of damages for Plaintiff's share of such profits, which amount, upon information and belief, is in excess of $100,000, plus pre and post judgment interest;

2. For disgorgement of Defendant's profits for use of Plaintiff's name and likeness,

3. For damages in an amount to be proven at trial for invasion of privacy and/or publicity;

4. For injunctive relief barring Defendant and its agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons in active concert, privity, or participation with it, from doing, abiding, causing or abetting any direct or indirect use of Plaintiff's name or likeness;

5. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to Plaintiff;

6. For reasonable attorneys' fees and all costs of suit; and

7. For such other and further relief as the Court may deem just and equitable.

DATED: May 2, 2023

        LAW OFFICE OF AUTUMN WITT BOYD, PLLC

        By: <u>s/ Autumn Witt Boyd</u>
        Autumn Witt Boyd, Tennessee Bar No. 023972
        240 Forest Ave. Suite 403
        Chattanooga, TN 37405
        Telephone: (423) 756-6013
        awb@awbfirm.com

        <u>Of Counsel:</u>
        Amanda Bruss, Esq. (Colo. Bar No. 44151) *
        Trestle Law, APC
        7904 Broadway
        Lemon Grove, CA 91945
        Telephone: (619) 289-8939 |
        amanda@trestlelaw.com

        *Attorneys for Plaintiff Brenda Michelle Strange*

        *Motion for Pro Hac Vice Admission Pending